

violation of the City of Pocatello's pretreatment program. Specifically, the pretreatment program prohibits the discharge of substances that could cause fire or explosion, or generate toxic gases, vapors or fumes in quantities that may cause worker health or safety problems. In addition, the pretreatment program includes a discharge permit requirement that was not met in this case. The City's pretreatment program is federally enforceable under the Clean Water Act. This discharge commenced in 1987 and continued through the explosion that caused the fatality of Dave Williams on December 12, 1995.

3. At sentencing, the Government agrees to recommend that the corporation be placed on probation for a period of one (1) year and that the Court impose a fine of $10,000.00. The defense can argue for any sentence that it deems appropriate.

4. The Defendant's representative states that he is aware of the corporation's absolute right to plead not guilty and persist in that plea; that the corporation has a right to be tried by a jury and, at that trial, the corporation has a right to the assistance of counsel. At trial, the corporation has a right to require the Government to prove the entire case against the corporation beyond a reasonable doubt; that the corporation has the right not to testify against itself or not to be compelled to incriminate itself. Further, at trial, the corporation would have the right to confront and cross-examine witnesses in the corporation's behalf.

*PLEA AGREEMENT - 3*

5. The Defendant corporation's representative understands that by pleading guilty the corporation waives the right to trial by jury; that no trial will, in fact, occur; and that the only thing remaining to be done in this case is the hearing at the time and date set for sentencing, at which only matters concerning the nature of the sentence to be imposed by the Court are to be heard and decided by the Court.

6. The Defendant corporation's representative states to the Court that he is aware of the maximum penalty that could be imposed of a $200,000.00 fine.

7. The Defendant corporation's representative further understands that the sentence to be imposed rests with the sole discretion of the Court, which will not be bound by the recommendations of the United States Attorney or the Defendant corporation and its counsel.

8. The Defendant corporation's representative and its attorney both state that this agreement constitutes the entire agreement between the Defendant corporation and the Government, and that no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, the Defendant corporation's representative states that no person has, directly or indirectly, threatened or coerced the Defendant corporation to do, or refrain

*PLEA AGREEMENT - 4*

from doing, anything in connection with any aspect of this case, including entering a plea of guilty.

9.    Counsel for the Defendant corporation states that he has read this agreement; has been given a copy of this agreement for his file; has explained said agreement to his client's representative; and states that, to the best of his knowledge and belief, the Defendant corporation's representative understands this agreement.

10.    The Defendant corporation's representative states that he has read this agreement; has had said agreement read to him; has discussed said agreement with the Defendant corporation's attorney and understands this agreement.

11.    The Defendant corporation's representative is aware of the special assessment charge of $125.00, pursuant to Title 18, United States Code, Section 3013.    The Defendant corporation's representative agrees to pay the special assessment prior to or at the time of sentencing.

12.    The Defendant corporation's representative agrees to provide all financial and other information as may be requested by the United States Probation and Pretrial Services for its use in preparing a presentence report.    Failure to execute releases or to provide such financial and/or other information as may be required by the Probation and Pretrial Services shall constitute a violation of the terms of the Agreement and may subject the Defendant

*PLEA AGREEMENT - 5*

corporation to an enhancement under Guidelines Section 3C1.1, or provide grounds for an upward departure under Guidelines Section 5K2.0, but shall not constitute grounds for withdrawal of the Defendant corporation's guilty plea.

13.   The Defendant corporation's representative hereby waives any right to raise and/or appeal and/or file any post-conviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which the Defendant corporation's representative has asserted or could assert to this prosecution and to the Court's entry of judgment against the Defendant corporation.  The waiver shall not include the imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals).

DATED this ___17___ day of May, 2000.

Bowen Petroleum, Inc.
Defendant

By _____
Representative of Bowen
Petroleum, Inc.

_____
Reed W. Larsen
Attorney for Defendant


BETTY H. RICHARDSON
United States Attorney
By

_____
George W. Breitsameter
Assistant United States Attorney

*PLEA AGREEMENT - 6*

FORM OBD-183
MAR 83